**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VISALUS, INC.,

    Plaintiff,

v.                                                Case No. 3:13-cv-109-J-99TJC-MCR

THOMAS THEN and OCEAN AVENUE, LLC.

    Defendants.

---

**ORDER**

This case is before the Court on Plaintiff ViSalus Inc.'s ("ViSalus") Motion for Remand (Doc. 9). Defendants Thomas Then ("Then") and Ocean Avenue, LLC ("Ocean Avenue") have responded (Doc. 21), and ViSalus has replied (Doc. 23). The Court also considers the affidavits filed in support of the Motion (Doc. 10), the Response (Doc. 22), and the Reply (Doc. 24).

**I.    BACKGROUND**

Plaintiff ViSalus brought suit in the Fourth Judicial Circuit in and for Duval County, Florida, alleging claims for breach of contract and tortious interference arising out of Then's departure from ViSalus to go to work for Ocean Avenue. (See Complaint, Doc. 2 at 1-2.) Prior to being served with the Complaint, Ocean Avenue removed the action to federal court based on 28 U.S.C. §§ 1332 and 1441(b), and Then consented. (Doc. 1 at 1-3.)

In its Motion to Remand, ViSalus makes two principal arguments: (1) that removal was improper under 28 U.S.C. § 1441(b), the "forum defendant rule," because Then, a citizen of Florida, was properly served before removal; and (2) even if Then was not properly served, removal was nevertheless improper under the forum defendant rule.

(Doc. 11 at 3, 6.) ViSalus does not dispute there is complete diversity between the parties or that the amount in controversy exceeds $75,000.[1] It is also not disputed that Then has been properly joined in the action. Thus, the questions are whether Then was properly served and, if not, whether the forum defendant rule nevertheless precludes removal.

## II.     DISCUSSION

The forum defendant rule is derived from 28 U.S.C. § 1441(b), which governs the removal of a state action to federal court by a defendant. Section 1441(b)(2) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. <u>Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought</u>.

28 U.S.C. § 1441(b)(2) (emphasis added). Therefore, a defendant may not remove a case that was brought in a Florida state court if any of the defendants, "properly joined and served," are citizens of Florida.

ViSalus contends that it properly effectuated substitute service on Then pursuant to Florida Statutes, section 48.031(6) on January 25, 2013, four days before Ocean Avenue filed its notice of removal. (Doc. 9 at 3-4.) Section 48.031(6) provides:

> If the only address for a person to be served, which is discoverable through public records, is a private mailbox, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, but only if the process server determines that the person to be served maintains a mailbox at that location.

---

[1] ViSalus is a corporation organized under Delaware law, with its principal place of business in Michigan. (Compl. at ¶ 2.) Ocean Avenue is a limited liability company organized under the laws of Wyoming, with its principal place of business in Utah, and its members are citizens of Utah, Canada, Texas, or Iowa. (Doc. 1 at ¶ 11.) Then is a citizen of Florida. In addition, the Court found at the July 1, 2013 hearing that the amount in controversy exceeds $75,000. (<u>See</u> Doc. 1 at ¶¶ 12-17; Doc. 39.)

Fla. Stat. § 48.031(6). ViSalus asserts that public records searches consistently revealed 3948 Third Street South, Jacksonville Beach, Florida, which is a private mailbox, as the address for Then. (Jill Luster Decl. at ¶¶ 4, 5 Doc. 10-1.) However, a public records search also revealed three other potential addresses associated with Then's name. (Lysne Cook Decl. at ¶¶ 4, 8, Doc. 10-1; Luster Decl. at ¶ 6.) The process server confirmed that two of the addresses were properties owned and homesteaded by other individuals, and unsuccessfully attempted service at the third address. (Cook Decl. at ¶¶ 4, 8.) After being unable to confirm the third address as Then's residence, the process server executed substitute service at Then's private mailbox address, a retail UPS store, and confirmed with the store manager that Then had an active box at the store. (Id. at ¶¶ 9, 10.)

Defendants argue that substitute service was improper because (1) ViSalus had actual knowledge of Then's current residential address; (2) his residential address was verifiable through a public records request of the public utility agency servicing Jacksonville Beach;[2] and (3) ViSalus found at least four[3] other addresses for Then, including one at which the process server actually attempted to serve him. (Doc. 21 at 2-4.)

Although the Florida courts have not fully fleshed out the precise issue in this case, they have explained that "[section 48.031(6)] only permits substitute service at a private mailbox if (1) it is the only address discoverable through the public records, and (2) the process server determines that the person to be served maintains a mailbox at that location." Clauro Enters., Inc. v. Aragon Galiano Holdings, LLC, 16 So. 3d 1009, 1012

---

[2] Based on the undisputed record evidence, the Court rejects this argument without further discussion.

[3] The Court's review of the record indicates that ViSalus had three addresses other than the private mailbox for Then. (See Cook Decl. at ¶¶ 4-8.)

(Fla. 3d DCA 2009); TID Servs., Inc. v. Dass, 65 So. 3d 1, 7 (Fla. 2d DCA 2010); Beckly v. Best Restorations, Inc., 13 So. 3d 125, 126 (Fla. 4th DCA 2009) (the plaintiff must prove that "the only address discoverable through the public records to effect service is a private mailbox maintained by the party to be served"); see also Kramer v. MRT, LLC, 2008 WL 877211, at *1 (S.D. Fla. Apr. 1, 2008); TS Prod., LLC v. Leadracer.com, Inc., 2007 WL 4277535, at *1-2 (M.D. Fla. Dec. 3, 2007).[4]

Defendants argue that ViSalus "presented testimony about at least four other addresses it found for Mr. Then, including one at which the process server actually attempted service," thereby precluding substitute service at Then's private mailbox. (See Doc. 21 at 2-3.) ViSalus responds that section 48.031(6) has two requirements: "the address (1) must be 'discoverable through public records' and (2) must be one at with [sic] the defendant can be 'served.'" (Doc. 23 at 2.) Thus, according to ViSalus, "[o]f the addresses that were discovered in the public records search, none of them were addresses at which Then could have been served, for the simple reason that he did not reside at any of them." (Id.) Indeed, the statute states that the address discovered through a public records search must be "for a person **to be served**." Fla. Stat. § 48.031(6) (emphasis added). However, it is not clear at which address Then was "actually living."

ViSalus discovered three potential addresses for Then, other than the private mailbox, through public records searches. Two are owned and homesteaded by individuals other than Then, and have inactive Jacksonville Electric Authority accounts for Then (with his mailing addresses on the JEA account at the private mailbox); thus, it is fair

---

[4] Defendants would read section 48.031(6) as requiring that the private mailbox be the **only** address discoverable for the defendant; however, this omits the requirement that the address be discoverable in the public records. (See Doc. 21 at 4.)

4

to infer that he did not reside at those addresses.  (See Cook Decl. at ¶ 4.)  However, a search of Oncore Public Records revealed a third address at 3900 Palm Way, Jacksonville Beach, Florida.  (Luster Dec. at ¶ 6; Cook Decl. at ¶ 8.)  The process server attempted to serve Then at this address on January 23, 2013.  (Cook Decl. at ¶ 8.)  According to the declaration of the process server, Lysne Cook, "there were no cars visible in the driveway and no signs of any dogs."[5]  (Cook Decl. at ¶¶ 8, 9.)  Ms. Cook was also unable to confirm the Palm Way address as Then's residence after checking the property appraiser's records; she then served him at the private mailbox.  (Id.)

It is plausible that Then could have more than one residence, and "[i]f a person has more than one residence, he must be served at the residence in which he is actually living at the time of service."  Torres v. Arnco Constr., Inc., 867 So.2d 583, 586 (Fla. 5th DCA 2004) (quoting State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145, 147 (1940)).  Defendants do provide a residential address for Then: 3463 Third Street South, Jacksonville Beach, Florida.  (Doc. 21 at 2; Then Decl. at ¶ 3.)  However, neither ViSalus nor Defendants have clarified whether Then was actually living at that address at the time of service.

These facts are similar to those in Beckley v. Best Restorations, Inc., 13 So. 3d 125 (Fla. 4th DCA 2009).  The defendants in Beckley had a home in Deerfield Beach, Florida, and also owned a house in Tennessee.  (Id. at 125.)  The plaintiff attempted service at both addresses, but the process server's affidavit reflected that nobody was living at the Florida home and that it was for sale.  (Id. at 126.)  The plaintiff then discovered that the

---

[5] Ms. Cook had viewed "multiple pictures of what [she] interpreted as being [Then's] dogs" on Then's Facebook page.  (Cook Dec. at ¶ 8.)

5

defendants maintained a private mailbox at a UPS store in Tennessee and attempted service there.  (Id.)  The court held that substitute service at the private mailbox pursuant to section 48.031(6) was not appropriate because the plaintiff did not prove it was the only address which was discoverable through public records; the plaintiff had "discovered at least one address through public records at which to serve the Defendants, and unsuccessfully attempted to serve them at that address."  (Id. at 126-27.)  In this case, ViSalus discovered at least one other address for Then through public records—3900 Palm Way, Jacksonville Beach, Florida—at which it unsuccessfully attempted to serve him. Though the process server could not immediately confirm this as Then's residence, she gave up too quickly and resorted to the private mailbox; ViSalus has not shown that Then could not, in fact, be served at that address.

Although a close call, the applicable Florida statutes require the Court to err on the side of requiring personal service.  The Court finds that ViSalus has not sustained its burden of showing that the only address for Then discoverable through public records at which he could be served was the private mailbox.  Therefore, on the facts of this case, substitute service pursuant to section 48.031(6) was improper.

ViSalus also argues that even if service on Then was insufficient, the Court should interpret the forum defendant rule to preclude removal because "applying a strict interpretation of § 1441(b) and allowing Ocean Avenue to eviscerate the forum defendant rule merely because Then was allegedly not yet served at the time of Ocean Avenue's hasty removal 'would amount to an absurd result, demonstrably at odds with Congressional intent.'" (Doc. 9 at 6-7 (quoting Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640, 642 (D.N.J. 2008).)  The Court has already ruled in a related case, consistent with the majority

6

of courts addressing this issue, that a non-forum defendant may remove even though a forum defendant has been joined, so long as the forum defendant was not served before removal.  See ViSalus, Inc. v. Knox et al., 3:13-cv-107-J-99TJC-MCR (Doc. 41) (agreeing with Judge Presnell's opinion in North v. Precision Airmotive Corp., 600 F. Supp. 2d 1263 (M.D. Fla. 2009)).

Accordingly, it is hereby

**ORDERED:**

Plaintiff ViSalus Inc.'s Motion for Remand (Doc. 9) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on this 12th day of July, 2013.

TIMOTHY J. CORRIGAN
United States District Judge

sa.

Copies:

Counsel of Record